UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KINGMAN HOLDINGS, LLC** <br> *Plaintiff* | * <br> * <br> * <br> * | **CASE NO.: 2:23-cv-4525** |
| **VERSUS** | * <br> * | **JUDGE:** |
| **BLACKBOARD INSURANCE COMPANY** <br> *Defendant* | * <br> * <br> * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**HURRICANE IDA**
**COMPLAINT FOR DAMAGES AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **KINGMAN HOLDINGS, LLC**, who files the instant Complaint for Damages and a Request for Jury against Defendant, **BLACKBOARD INSURANCE COMPANY**, for property damages and breach of contract as a result of Hurricane Ida. The facts more specifically set forth below are based upon personal knowledge and upon information and belief.

**PARTIES, JURISDICTION, AND VENUE FACTS**

1. Made Plaintiff herein is **KINGMAN HOLDINGS, LLC** ("Plaintiff"), at all times material herein: a Louisiana business domiciled in Orleans Parish, Louisiana, who owned the Property that is subject to the dispute at issue herein, and who was a named insured under and/or who paid for the policy of insurance with Defendant which was in full force and effect relative to the Property that is subject to the dispute at issue herein. The sole member of Plaintiff, **KINGMAN HOLDINGS, LLC**, is Ammar Mekari who is a domiciliary and citizen of the State of Louisiana. Therefore, **KINGMAN HOLDINGS, LLC** is a domiciliary and citizen of the State of Louisiana.

2. Made Defendant herein is **BLACKBOARD INSURANCE COMPANY** ("Defendant"), at all times material herein: a foreign insurer domiciled outside Louisiana, but authorized to do and doing business in the State of Louisiana as well as Jefferson Parish, which

received full payments for and provided the Policy of insurance at issue herein, and which may be served through its Registered Agent for Service of Process: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809. **BLACKBOARD INSURANCE COMPANY** is domiciled in the State of Delaware with its principal place of business located in New York. Therefore, **BLACKBOARD INSURANCE COMPANY** is a citizen and domiciliary of the States of Delaware and New York.

3. Jurisdiction is proper before this Honorable Court pursuant to 28 U.S.C. § 1332 as diversity of citizenship exists amongst the parties and the amount in controversy exceeds $75,000.00 exclusive of judicial interest and costs.

4. Further, venue is proper in this Honorable Court because a substantial part of the events and/or omissions giving rise to the claims occurred in Jefferson Parish, Louisiana which is within this Honorable Court's territorial and geographical purview. Further, Plaintiff's physical business and business operations are located in the Parish of Jefferson, Louisiana. Finally, the Property that is subject to the insurance claim dispute is located in Jefferson Parish, Louisiana; and/or the Loss and/or Property Damage at issue occurred in Jefferson Parish, Louisiana.

## BACKGROUND FACTS

5. At all times relevant herein, Plaintiff owned the following property ("Property") and contents therein located at: 4500 York St., Metairie, Louisiana 70001.

6. At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number LASMANOLA1H1BP-47406-02 with effective dates of August 4, 2021 through August 4, 2022 (the "Policy"), to Plaintiff which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the contents therein, and used

this valuation for purposes of determining the premium charge to be made under the Policy at issue.

7. On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with maximum sustained wind speeds of 150 mph".[1] A Category 4 storm with unprecedented winds, Ida caused major damage to buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout southeast Louisiana. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb".[2]

8. On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property ("the Loss" or "Property Damage") which was covered under the Policy.

9. The Property and contents therein were significantly damaged by and suffered a diminution in value as a result of Hurricane Ida. These significant damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

10. Additionally, based on property damage, content damages sustained as a result of Hurricane Ida, and Defendant's unreasonable denial or undervalue of Plaintiff's claim, Plaintiff

---

[1] https://www.weather.gov/lix/hurricaneida2021
[2] *Id.*

has suffered certain quantifiable business losses for which Plaintiff is insured for through the Policy.

11. Plaintiff reported the Loss to Plaintiff's insurer, Defendant, and was assigned claim number ATUN-6683A9 ("the Claim" or "Insurance Claim").

12. Upon notification of the Loss, Defendant inspected the Property, and provided an estimate on the Claim. This estimate, however, grossly underreported the Property Damage.

13. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

14. Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property Damage caused by Hurricane Ida.

15. Defendant has yet to tender adequate insurance proceeds.

16. Plaintiff attempted to recover the remaining amount of the covered damages and/or insurance proceeds due from Defendant to no avail.

17. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property as well as additional general and/or special damages to Plaintiff.

18. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant purposely and/or negligently: a) failed to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresented the terms and conditions of the Policy at issue; c) conducted the investigation and claims handling in bad faith; d) manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value; e) failing to adequately pay for losses as required by the Policy, and/or f) failed to include adequate overhead and profit in its estimates of damages.

19. Plaintiff has incurred and will continue to incur additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

20. Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine and/or prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

21. Plaintiff's member has sustained and continues to sustain mental anguish and/or inconvenience because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

22. Plaintiff has incurred and/or will incur loss of lessee's rental or business income as a result of the damages caused to the Property by Hurricane Ida and as a result of Defendant's breach of contract.

## CAUSE OF ACTION – Breach of Insurance Contract

23. All allegations contained in this Petition are hereby adopted and re-alleged.

24. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

25. At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage, business interruption, and loss of contents for the Hurricane Ida Claim at issue herein.

26. Upon information and belief, Defendant breached the Policy and/or insurance contract by purposely and/or negligently: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d) manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to

adequately pay insurance proceeds as required by the Policy, and/or f) failing to include adequate overhead and profit in its estimates of damages.

27. Plaintiff has suffered and continues to suffer general, special and/or consequential damages as a result of Defendant's breaches of the insurance contract.

## CAUSE OF ACTION – Bad Faith

28. All allegations contained in this Petition are hereby adopted and re-alleged.

29. The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause - as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

30. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

31. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

32. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to: a) adequately pay claims following satisfactory proof of loss within thirty (30) days, or b) make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

33. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or

after Plaintiff provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

34. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

35. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d) manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statutes, f) failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim, and/or g) failing to include adequate overhead and profit in its estimates of damages.

36. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

37. Plaintiff has suffered and continues to suffer general, special and/or consequential damages as a result of Defendant's bad faith.

**DAMAGES**

38. All allegations contained in this Petition are hereby adopted and re-alleged.

39. Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories: a) Breach of contract; b) Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage

and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; c) Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

40. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages: a) Diminution of the value of the Property; b) Underpayment and/or delayed payment of covered damages/repair costs, c) Actual repair costs, temporary repair costs, as well as increased repair costs; d) Loss of use and/or additional living expenses, e) Personal Property damage; f) Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; g) Mental anguish and/or inconvenience; h) Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action; i) Other general, special and/or consequential damages; and j) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

A trial by jury is hereby demanded as to all issues so eligible contained herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that Defendant be duly cited and served, and that after due requirements and proceedings, there be judgment against Defendant in favor of Plaintiff in such

sums as the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant, as follows:

1. Compensatory, general and/or contractual damages;

2. Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;

3. Loss of Business Income;

3. Penalties as a result of Defendant's bad faith;

4. Attorneys' fees as a result of Defendant's bad faith;

5. Prejudgment interest at the highest lawful rate allowed by law;

6. Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. All expenses and costs of this action; and

8. Such further relief as this Court deems necessary, just and proper.

Respectfully submitted,

*IRPINO, AVIN & HAWKINS LAW FIRM*

*[signature]*

**ANTHONY D. IRPINO (#24727)**
**J. REED POOLE, JR. (#34034)**
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
Email: airpino@irpinolaw.com
rpoole@irpinolaw.com