UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4525 c/w 24-875 |
| BLACKBOARD INSURANCE COMPANY | * | SECTION "B" (2) |
| | | This applies to No. 24-875 |

**ORDER AND REASONS**

Pending before me is Plaintiff Dr. Ammar Mekari's Motion for Leave to File Second Amended Complaint. ECF No. 21. Defendant Access Restoration Services US, Inc. timely filed an Opposition Memorandum. ECF No. 22. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff in Civil Action No. 24-875, Dr. Ammar Mekari, is the sole owner of Kingman Holdings, LLC, which owns commercial property in Metairie, Louisiana. Civil Action No. 24-875, ECF No. 1 ¶ 5. After the property sustained damage from Hurricane Ida, Dr. Mekari engaged McClenny Mosely and Associates ("MMA") to represent him on a claim against the insurer. *Id.* ¶ 7. At MMA's direction, on September 11, 2021, Dr. Mekari entered into a contract for remediation services with Defendant Access Restoration Services US, Inc ("ARS"). *Id.* ¶ 8.

After MMA's issues developed, Dr. Mekari filed Civil Action No. 23-5362 against ARS and others seeking to rescind the September 11, 2021, remediation contract, alleging that MMA and ARS engaged in fraud and that ARS submitted over-scoped, inflated pricing, excessive

1

supervision, and other irregularities in invoicing to Plaintiff's insurer. Civil Action No. 23-5362, ECF No. 1. ARS moved to dismiss based on the mandatory arbitration provision in the September 11, 2021, contract. ECF No. 18. Finding the Supreme Court's decision in *Buckeye Check Cashing, Inc. v. Cardegna* required Plaintiff's challenge to the validity of a contract (rather than to the arbitration clause itself) to go to the arbitrator, the Court dismissed the case. ECF Nos. 36, 43.

In the previously filed arbitration proceeding for non-payment, ARS sought to recover $347,563.29, plus interests, costs, and attorneys' fees, from Mekari allegedly owed under the September 11, 2021, contract. Civil Action No. 24-875, ECF No. 18-5. Presumably, Mekari raised the arguments from Civil Action No. 23-5362 in that proceeding. After a two-day hearing, the arbitrator awarded ARS a total of $267,300.13 ($120,573.67 in principal, $50,363.46 in interest, $76,425.50 in attorneys' fees, and $19,937.50 for AAA Fees and Expenses). ECF No 1 ¶ 12. Plaintiff thereafter filed this suit to partially vacate the award on the basis of manifest disregard for the law, arguing that the arbitrator improperly awarded attorneys' fees and interest because he did not find a breach of contract or even the existence of a contract justifying the award of attorneys' fees and interest. *Id.* ¶¶ 12-15; ECF No. 9 ¶¶ 12-16.

By Order dated October 15, 2024, the Court consolidated Civil Action No. 24-875 with Kingman's Hurricane Ida claim against its insurer, Blackboard Insurance Company in Civil Action No. 23-4525. ECF No. 22.

## II.   THE PENDING MOTION

In response to ARS's Motion to Dismiss Civil Action No. 24-875,[1] Plaintiff filed this Motion for Leave to File Second Supplemental and Amending Complaint. Civil Action No. 23-

---

[1] ARS argues that manifest disregard of the law is no longer an independent ground for vacating an arbitration award because it is not one of the exclusive bases listed in § 10 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Civ. No. 24-875, ECF Nos. 12 ¶¶ 3-5; 12-3 at 2-4. The motion to dismiss is currently pending before Judge Lemelle.

4525, ECF Nos. 18, 21.  Plaintiff argues that the arbitrator exceeded his powers by awarding attorneys' fees, interest, and costs to a party who did not prevail in the arbitration proceeding, asserting that Plaintiff was actually the prevailing party, and that the arbitrator did not find a breach of contract or even the existence of a valid contract given that ARS was not a licensed Louisiana contractor.  ECF No. 21-1 at 2-3.

In Opposition, ARS asserts that Plaintiff's second amended complaint fails to identify any statutory grounds for vacating the arbitration award, relying only on "manifest disregard" but now with reference to 9 U.S.C. § 10(a)(4).  ECF No. 22 at 2-3.  ARS argues that, because the Federal Arbitration Act ("FAA") enumerates the exclusive circumstances under which an arbitration award may be vacated, Plaintiff's proposed Second Amended Complaint is futile.  *Id.* at 4.  ARS further argues that Plaintiff's formulaic recitation of the elements of a cause of action without necessary factual support is insufficient to state a claim, and conspicuously absent from the complaint is any allegation that the arbitrator failed to interpret the remediation contract.  *Id.* at 4-7.

## III.   APPLICABLE LAW

Plaintiff seeks leave to amend before expiration of the Scheduling Order's deadline of October 24, 2024.  ECF No. 16.  Accordingly, the request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).[2]

### A.  Governing Standard

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so

---

[2] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("[Federal Rule of Civil Procedure] 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order [and with the judge's consent] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

3

requires."[3]  Although leave to amend is not automatic,[4] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[5]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[6]  Denial of leave to amend is reviewed for abuse of discretion,[7] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[8]

Defendant does not argue undue delay, bad faith, repeated failure to cure or undue prejudice.  Rather, Defendant argues only that the amendment is futile.

B. **Futility**

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[9]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal,

---

[3] Denial of leave to amend is reviewed for abuse of discretion.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[4] *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).
[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[6] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[7] *Carroll*, 470 F.3d at 1174 (citation omitted).
[8] *Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[9] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling*, 234 F.3d at 873).

a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[11] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[12]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[13]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[14]

### C. <u>Vacatur under the FAA</u>

Section 10 of the FAA provides the exclusive grounds upon which a court may vacate an

---

[10] *Twombly*, 550 U.S. at 555, 570.
[11] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).
[12] *Iqbal,* 556 U.S. at 678 (citation omitted).
[13] *Id.* 556 U.S. at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[14] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

arbitrative award:[15]  (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct . . . or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."[16]

Although courts historically considered "manifest disregard of the law" as an independent basis for vacatur, the Fifth Circuit has expressly held that the § 10(a) bases are the exclusive bases, rejecting manifest disregard as an independent, nonstatutory basis for vacating an arbitration award.[17]  And while some other circuits have characterized "manifest disregard" as a § 10(a)(4) claim or at least a judicial gloss on same, neither the Supreme Court nor Fifth Circuit have embraced that characterization.[18]  Regardless, to justify vacatur based on § 10(a)(4), the arbitrator must have "appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it" and the award must have resulted in "significant injustice."[19]

---

[15] *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 586 (2008); *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).
[16] *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016) (citing 9 U.S.C. § 10(a)).
[17] *Citigroup*, 562 F.3d at 358; *Jones v. Michaels Stores, Inc.*, 991 F.3d 614, 615–16 (5th Cir. 2021) (noting that *Citigroup* continues to be good law).
[18] *See Jones*, 991 F.3d at 616 (citing *Stolt-Neilsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010), as a source for lingering confusion over manifest disregard grounds).  *Compare Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) (finding the petitioner's "contention that the arbitrator failed to follow the law of this Circuit amounts to nothing more than a freestanding claim of manifest disregard for the law, a ground for vacatur this court has squarely rejected"), *overruled on other grounds*, *Badgerow v. Walters*, 596 U.S. 1, 5 (2022), *and McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 211-12 (5th Cir. 2016) (per curiam) (considering claims that the arbitrator exceeded his authority when he allegedly misapplied Texas law to be an improper "manifest disregard" claim), *with Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 480 (4th Cir. 2012) (holding "we find that manifest disregard continues to exist . . . as a judicial gloss [on the statutory grounds for vacatur]"), *and Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (stating that "manifest disregard . . . is shorthand for . . . § 10(a)(4)").
[19] *McKool Smith*, 650 F. App'x at 213 (quoting *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 935 (5th Cir. 2003), *overruled by Hall St. Assocs.*, 552 U.S. at 584-85; *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355 (5th Cir. 2004), *overruled by Hall St. Assocs.*, 552 U.S. at 584-86); *see also Warren v. Geller*, 386 F. Supp. 3d 744, 758 (E.D. La. 2019) (Brown, C.J.) (quoting *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 381 (5th Cir. 2004)) ("Assuming that the 'manifest disregard' ground is valid, in order to succeed on a motion to vacate, Plaintiff must show the arbitrators 'appreciated the existence of a clearly governing [legal] principle but decided to ignore or pay no attention to it.'").

Although the FAA authorizes the court to confirm, vacate, or modify arbitration awards,[20] courts have no authority to review of an arbitrator's decision on the merits.[21] "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits."[22] The party seeking vacatur under § 10(a)(4) thus bears a heavy burden of demonstrating more than error, even serious error, on the part of an arbitrator.[23] Even grave errors of law or fact are not bases for vacatur under the FAA.[24] Nor is vacatur justified because the arbitrator does not state or explain the reasons underlying the award.[25] The court may only overturn an arbitration award on this ground "if the arbitrator act[s] outside the scope of his contractually delegated authority—issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the contract."[26] The sole question for judicial review is "whether the arbitrator (*even arguably*) interpreted the parties' contract."[27] "'Doubts or uncertainties must be

---

[20] *Hall St. Assocs.*, 552 U.S. at 578.
[21] *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).
[22] *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (quoting *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987); internal quotation marks omitted)).
[23] *Dream Med. Grp., L.L.C. v. Old S. Trading Co., L.L.C.*, No. 22-20286, 2023 WL 2366982, at *2 (5th Cir. Mar. 6, 2023) (quoting *Oxford Health Plans*, 569 U.S. at 569 (quotation omitted)).
[24] *Kergosien*, 390 F.3d at 356 ("[T]he failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award."); *Pfeifle v. Chemoil Corp.*, 73 F. App'x 720, 722 (5th Cir. 2003) ("[A]n arbitrator's erroneous interpretation of law or facts is not a basis for vacatur of an award."); *Rodgers v. United Servs. Auto. Ass'n*, No. 21-50606, 2022 WL 2610234, at *3 (5th Cir. July 8, 2022) (citing *Citigroup*, 562 F.3d at 352-53 (explaining that awards may be affirmed despite an erroneous conclusion of law or finding of fact)).
[25] *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 412 (5th Cir. 1990) (citing *United Steel Workers of Am.*, 363 U.S. at 598); *Ball Metal Beverage Container Corp. v. Loc. 129, United Auto., Aerospace, & Agric. Implement Workers of Am.*, No. 21-10755, 2022 WL 340573, at *7 (5th Cir. Feb. 4, 2022) (citation omitted).
[26] *Dream Med. Grp.*, 2023 WL 2366982, at *2 (brackets in original) (quoting *Oxford Health Plans*, 569 U.S. at 569).
[27] *RSM Prod. Corp. v. Gaz du Cameroun, S.A.*, 117 F.4th 707, 713 (5th Cir. 2024) (emphasis in original) (quoting *Oxford Health Plans*, 569 U.S. at 569).

resolved in favor of upholding' an arbitration award."[28] Thus, if the award draws its essence from the contract, the court must uphold the arbitral award, even if based on serious error.[29]

## IV. ANALYSIS

Paragraphs 14 – 17 of Plaintiff's proposed Second Amended Complaint set forth the full substance of Plaintiff's alleged bases for vacatur:

> 14. Plaintiff contends the arbitrator had a manifest disregard in this action for the law and/or the arbitrator exceeded his powers or imperfectly executed his powers in that he awarded attorney's fees to a party which did not prevail in this action. Plaintiff contends the arbitrator violated the following provisions of the Federal Arbitration Act wherein:
> (1) [W]here the award was procured by corruption, fraud, or undue means;
> (2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;
> (3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
> Further, the arbitrator's award was in violation of law as there was not a finding by the arbitrator of a breach of contract in this case or the existence of a contract which would justify an award of attorney's fees or interest.
>
> 15. The arbitration award provides for attorney's fees to the "prevailing party" without a finding of breach of contract or the valid existence of a contract which is a manifest disregard of the law or an example of the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> 16. ARS admittedly was an unlicensed contractor when it entered into a contract for remediations services and other work with Plaintiff; therefore, under Louisiana law ARS would have been unable to contract with Plaintiff for services. Furthermore, the arbitration award outlined or allocated monies for attorney's fees, interest, and costs to ARS when ARS was not the prevailing party. ARS prayed for and invoiced Plaintiff for over one year and refused to negotiate on the monies allegedly owed in the amount of $347,653.29 (Exhibit 1) and after a trial on the

---

[28] *Dream Med. Grp.*, 2023 WL 2366982, at *3 (brackets omitted) (quoting *Cooper*, 832 F.3d at 544).
[29] *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020) (quoting *Misco*, 484 U.S. at 38); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1325 (5th Cir. 1994) (making clear that the Fifth Circuit applies an "expansive reading of the 'essence' test").

>    merits in arbitration was solely awarded $120,573.67 (Exhibit 2). In other words, ARS did not win or prevail on anything, ARS lost. However, in exceeding and imperfectly executing his powers and without explanation or justification for same through a finding of breach of contract under the laws of the State of Texas, the arbitrator awarded ARS attorney's fees, interest, and costs which Plaintiff seeks to vacate.
>
>    17. Regarding the interest award, Plaintiff contends the arbitrator had a manifest disregard for the law, the arbitrator exceeded his powers or imperfectly executed his powers in that he awarded attorney's fees to a party which did not prevail in this action in this action for the law and awarded interest of 18% with no justification in contract or in law and the interest award was a violation of law as there was not a finding by the arbitrator of a breach of contract in this case or the existence of a contract which would justify an award of interest to Defendant.

ECF No. 21-4.  In short, Plaintiff's sole factual allegation for his § 10(a)(4) claim is that the arbitrator awarded attorney's fees, interest, and cost to ARS based on a finding of breach of contract under Texas law without addressing whether an enforceable contract existed or was in breach because Louisiana bars enforcement of a contract with an unlicensed contractor.

An arbitrator does not exceed his power under § 10(a)(4) unless he has utterly contorted the essence of the contract.[30]  Here, the arbitrator rejected Plaintiff's arguments against enforcement of the contract, which selected Texas law and authorized recovery of attorneys' fees, interest and costs.[31]  The arbitrator awarded damages under that contract.  While Plaintiff disagrees with the arbitrator's decision rejecting his argument against enforcement of the contract and even

---

[30] *Salinas v. McDavid Houston-Niss, L.L.C.*, 831 F. App'x 692, 695–96 (5th Cir. 2020) (quoting *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802–03 (5th Cir. 2013)).

[31] *See* Civ. No. 23-5362, ECF No. 18-4 at 2 ("In the event payment is not made when due, . . . [p]ending resolution in any dispute, payments due shall earn interest at one and one half percent (1.5%) per month, or the highest amount allowable by law, whichever is greater. . . . CUSTOMER agrees to pay all arbitration costs, attorney fees, collection fees, court costs, and/or any and all expenses involved in the collection of these charges, including, but not limited to, travel expenses and additional administrative expenses.").  Although Plaintiff disagrees with the arbitrator's application of Texas law to this Louisiana construction contract, the Fifth Circuit has held that the FAA preempts LA. REV. STAT. § 9:2779, which invalidates arbitration and choice of law provisions.  *OPE Int'l LP v. Chet Morrison Contractors, In*c., 258 F.3d 443, 446 (5th Cir. 2001).

though ARS did not recover the full amount of its claim, that does not mean that ARS was not the prevailing party. Indeed, the arbitrator awarded ARS over $267,000.[32]

Prevailing party status is a practical determination[33] and varies by context.[34] Generally, a prevailing party "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit"[35] or have achieved "some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties."[36] A party need not, however, prevail on every issue to qualify as a prevailing party.[37] A plaintiff is considered to be the "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[38] ARS achieved some success on its claim for nonpayment. Thus, it qualifies as the prevailing party even though it was not fully successful on recovery of all amounts allegedly owed.

The proposed Second Amended Complaint contains absolutely no facts to support an inference that (a) the arbitration award was procured by corruption, fraud, or undue means, (b) the arbitrator was partial or corrupt, or (c) the arbitrator was guilty of misconduct in refusing to postpone the hearing, refusing to hear pertinent and material evidence, or any other prejudicial

---

[32] Civ. No. 23-4525, ECF No. 21-6 at 2.
[33] *First Commonwealth Corp. v. Hibernia Nat'l Bank of New Orleans*, 891 F. Supp. 290, 301 (E.D. La. 1995) (quoting *Minerais U.S. Inc. v. M/V Moslavina*, 849 F. Supp. 467, 479 (E.D. La. 1994) (citing *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985)), *rev'd on other grounds*, 46 F.3d 501 (5th Cir. 1995)).
[34] Prevailing party status for purposes of Rule 54(d) differs somewhat from the standard under of 42 U.S.C. § 1988. *Lewis v. NLRB*, 750 F.2d 1266, 1279 (5th Cir. 1985) (holding that the more stringent *Christiansburg Garment Co. v. EEOC* standard, which is used to determine whether a defendant is a prevailing party for the purpose of awarding attorneys' fees under Title VII, does not apply to an award of costs); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 n.19 (5th Cir. 2006).
[35] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted).
[36] *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)); *see also Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021) (quoting *Petteway*, 738 F.3d at 137 (citing *Buckhannon*, 532 U.S. at 604)).
[37] *DHI Grp., Inc. v. Kent*, No. 21-20274, 2022 WL 3755782, at *6 (5th Cir. Aug. 30, 2022) (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).
[38] *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 707 (E.D. La. 2009) (Vance, J.) (quoting *Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 382 (5th Cir. 2008) (quoting *Hensley*, 461 U.S. at 433)).

misbehavior, as required for vacatur under § 10(a)(1)-(3). Plaintiff does not provide any facts suggesting that the arbitrator was aware of the clearly governing law and "ignored the law entirely" or failed to interpret the parties' contract, as necessary to state a claim under § 10(a)(4).[39] Even if the arbitrator erred in finding an enforceable contract and breach, vacatur is still not justified, and the proposed complaint does not provide facts necessary to support an inference that the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Plaintiff's formulaic recitation of the statutory bases for vacatur does not alter that conclusion.

V.  **CONCLUSION**

Initially, the proposed Second Amended Complaint's formulaic recitation of the statutory bases for vacatur, without any factual allegations supporting same, falls far short of that necessary to state a claim for vacatur that is plausible on its face. Plaintiff cannot vacate the arbitration award based on "manifest disregard," even when clothed with § 10(a)(4). Thus, as drafted, Plaintiff's proposed Second Amended Complaint is futile. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 21) is DENIED.

New Orleans, Louisiana, this ___13th___ day of November, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[39] *Warren*, 386 F. Supp. 3d at 759.