UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4525 c/w 24-875 |
| BLACKBOARD INSURANCE COMPANY | * | SECTION "B" (2) |
| | | This applies to No. 24-875 |

**ORDER AND REASONS**

Pending before me is Plaintiff Dr. Ammar Mekari's Motion for Leave to File Third Supplemental and Amending Complaint. ECF No. 28.[1] Defendant Access Restoration Services U.S., Inc. ("ARS") timely filed an Opposition Memorandum. ECF No. 31. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Third Supplemental and Amending Complaint is DENIED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Dr. Mekari is the sole owner of Kingman Holdings, LLC, which owns commercial property in Metairie. Civ. No. 24-875, ECF No. 9 ¶5. After the property sustained hurricane damage, Mekari engaged McClenny Mosely and Associates ("MMA") to file suit against the insurer. *Id.* ¶ 7. At MMA's direction, on September 11, 2021, Mekari contracted for remediation services with Defendant ARS. *Id.* ¶ 8.

After MMA's issues developed, Mekari filed Civil Action No. 23-5362 against ARS and others seeking to rescind the September 11, 2021, remediation contract, alleging that MMA and

---

[1] Technically, this is Plaintiff's second Motion for Leave to File a Second Amended Complaint. The court denied Plaintiff's first motion for leave to file second amended complaint. ECF Nos. 21, 24.

1

ARS engaged in fraud and that ARS submitted over-scoped, inflated pricing, excessive supervision, and other irregularities in invoicing to Plaintiff's insurer.  Civ. No. 23-5362, ECF No. 1.  ARS moved to dismiss based on the mandatory arbitration provision in the September 11, 2021, contract.  ECF No. 18.  Finding that *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), required Plaintiff's challenge to the validity of a contract (rather than the arbitration clause itself) to go to the arbitrator, the Court dismissed the case.  ECF Nos. 36, 43.

In the previously filed arbitration proceeding for non-payment, ARS sought to recover $347,563.29, plus interests, costs, and attorneys' fees from Mekari, allegedly owed under the September 11, 2021, contract.  Civ. No. 24-875, ECF No. 18-5.  After a two-day hearing, the arbitrator awarded ARS a total of $267,300.13 ($120,573.67 in principal, $50,363.46 in interest, $76,425.50 in attorneys' fees, and $19,937.50 for AAA Fees and Expenses).  ECF No. 9 ¶ 12.  Plaintiff thereafter filed his Complaint and Amended Complaint seeking to partially vacate the award on the basis of manifest disregard for the law, arguing that the arbitrator improperly awarded attorneys' fees and interest because he did not find a breach of contract or even the existence of a contract justifying the award of attorneys' fees and interest.  ECF No. 1 ¶¶ 12-15; No. 9 ¶¶ 12-16.

On October 9, 2024, Judge Fallon transferred Civil Action No. 24-875 to Judge Lemelle, who, by Order dated October 15, 2024, consolidated it with Kingman's earlier filed Hurricane Ida claim against its insurer, Blackboard Insurance Company in Civil Action No. 23-4525.  Civ. No. 24-875, ECF Nos. 21, 22.  After consolidation, this suit (Civ. No. 24-875) became subject to the lead case's September 24, 2024 Scheduling Order,[2] which establishes a deadline of October 24, 2024, for amending pleadings.  Civ. No. 23-4525, ECF No. 16 at 2.

---

[2] The Scheduling Order makes clear that it applies to subsequently added parties.  *See, e.g.*, ECF No. 16 at 2 ("Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Order.")

2

## II.    THE PENDING MOTION

While ARS's Motion to Dismiss remains pending,[3] Plaintiff filed this motion. ECF No. 28.[4] Plaintiff seeks to add a claim that the arbitrator is guilty of misconduct in refusing to postpone the arbitration hearing despite his showing of good cause for the continuance. ECF No. 28-1 at 2. Specifically, Mekari asserts that he sought a continuance of the hearing after he discovered new evidence during the deposition of ARS employee Nathan Normoyle; after he learned that Mr. Normoyle's wife and another employee Michael Needham had more significant roles in the project than ARS's discovery indicated, he sought discovery of Needham's employment file but did not have sufficient time to conduct discovery and depose Needham and Mrs. Normoyle. *Id.* at 2-3. Plaintiff asserts that the arbitrator's denial of his requested continuance constitutes misconduct. *Id.* at 3. Plaintiff argues that his requested amendment should be governed by Rule 15, not Rule 16, because no Scheduling Order exists as to Civil Action No. 24-875. *Id.* at 5-6. Alternatively, Plaintiff argues he has established good cause to modify the Scheduling Order. *Id.* at 6.

In Opposition, ARS asks the Court to deny Plaintiff's third effort to amend the complaint, this time to assert an entirely new § 10(a)(3) claim of misconduct premised on the arbitrator's failure to grant his requested continuance. ECF No. 31 at 2. ARS argues that Plaintiff has not established good cause to overlook the Rule 16 Scheduling Order's October 24, 2024, deadline, and even if he had, the amendment is not proper under Rule 15. *Id.* at 2-9. ARS summarizes the relevant timeline:

| | |
|---|---|
| April 2023 | ARS initiates arbitration. |
| | Arbitration hearing scheduled for November 9, 2023. |

---

[3] ARS argues that manifest disregard of the law is no longer an independent ground for vacating an arbitration award because it is not one of the exclusive bases listed in § 10 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. ECF Nos. 18 ¶¶ 3-5; 18-1 at 2-4. The motion to dismiss is currently pending before Judge Lemelle.
[4] This Court denied Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 24.

3

| | |
|---|---|
| August 2023 | Plaintiff retained current counsel, who requested continuance of the November 2023 hearing. |
| | Arbitration hearing continued to February 5, 2024. |
| December 28, 2023 | Discovery deadline. |
| January 4, 2024 | Plaintiff's requested continuance was denied, but additional discovery was ordered and the hearing was moved from February 5 to February 7, 2024.  This Order indicated that all deadlines would be strictly enforced absent mutual agreement to extend any deadline or a showing of good cause. |
| February 2, 2024 | Plaintiff filed a third request for continuance, which ARS opposed on the grounds that Plaintiff failed to conduct discovery during the allowed period, failed to pay the filing fee for his counterclaim, failed to pay the arbitrator fee, and failed to participate in the arbitration in good faith. |
| February 5, 2024 | Arbitrator denied the requested continuance, but indicated that, if during the hearing, further evidence was required, he would consider arranging for the presentation of evidence at a later time. |
| February 7, 2024 | The hearing proceeded with Plaintiff's participation.  Plaintiff did not ask to present any additional evidence after the hearing or move to supplement the record.[5] |

ARS argues that Plaintiff has failed to establish good cause for not seeking to add this misconduct claim based on the denial of the request to continue the arbitration hearing before the Scheduling Order's October 24, 2024, deadline:  He filed one amendment before that deadline and was aware of all relevant facts regarding the February 2024 continuance denial at that time.  ECF No. 31 at 5-6.  ARS also argues that the amendment is futile, and therefore not important, because Plaintiff's failure to diligently conduct discovery during the allotted time and conclusory assertions of a need for more discovery do not support a § 10(a)(3) claim of misconduct by the arbitrator.  *Id.*

---

[5] ECF No. 31 at 3-4 (citing ECF Nos. 28-5 (Plaintiff's Motion to Continue), 28-8 (Order #2), 31-1 (ARS's Opposition to Motion to Continue), 31-2 (Arbitrator's ruling on Motion to Continue)).

at 7-8. ARS also argues that the untimely amendment will impose additional costs and delays, and thus is prejudicial to it. *Id.* at 8-9.

### III. APPLICABLE LAW AND ANALYSIS

#### A. Rule 16 Requires Good Cause to Modify the Scheduling Order

The Court rejects Plaintiff's argument that this motion to amend is timely because no Scheduling Order exists in this matter. Contrary to that argument, when the court consolidated this matter with the lead case, this case became subject to the existing Scheduling Order. Both cases are scheduled for trial, with all the same deadlines. Further, the applicable deadline for amending pleadings had not yet expired when the cases were consolidated. Therefore, Plaintiff could have complied with that deadline. Plaintiff cites absolutely no authority to support his argument that the scheduling order does not apply to this case, and that argument is inconsistent with the Order's express language recognizing that it governs the proceeding, including newly added parties.[6] As the existing Scheduling Order's trial date and deadlines for discovery, witness lists, exhibits lists, and all other matters, including amendments, govern this entire consolidated matter, there is no need for a status conference to re-issue a Scheduling Order.

Turning now to the requested amendment, only when the "good cause" requirements under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered.[7] Thus, Plaintiff must establish good cause under Rule 16 before the Court may address the request under Rule 15.[8]

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[9] The trial court has "broad discretion to preserve the integrity and purpose of the

---

[6] *See supra* note 3.
[7] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[8] *id.*
[9] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).

5

pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[10]  The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[11]

### 1. Explanation for Failure to Timely File

Plaintiff provides absolutely no explanation for the failure to raise this claim before the applicable deadline.  ECF No. 28-1 at 5-6.  Instead, Plaintiff simply argues that the amendment is important, and ARS is not prejudiced by the amendment.  *Id.*

This is not a situation where Plaintiff argues that the amendment results from newly discovered evidence.[12]  Rather, Plaintiff has known that the arbitrator denied his requested continuance since that ruling on February 5, 2024, and the arbitration proceeding went forward on February 7, 2024.  Plaintiff's failure to explain why he could not raise this new claim when he either filed his initial complaint or filed his first amended complaint factors against him.

### 2. Importance of the Amendment

Plaintiff's entire argument regarding importance is contained in one sentence:

> Further, the importance of the amendment is pivotal [sic] this Honorable Court [sic] consider the role in which the arbitrator's decision prejudiced Mekari by not allowing Mekari sufficient time to conduct discovery once Yalda Normoyle and

---

[10] *S&W Enters.*, 315 F.3d at 535-36 (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[11] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).
[12] *Rivera v. Robinson*, No. 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, No. 14-1112, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)) ("Newly discovered information acquired through discovery . . . constitute[s] good cause for an untimely leave to amend under Rule 16."); *see also EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claim after the amendment deadline).

> Michael Needham's roles became evidence [sic], notwithstanding ARS' failure to comply with Order No. 2.[13]

Although this sentence is conclusory and frankly incomprehensible, the amendment appears arguably important because it provides an alternative ground for relief.

When a proposed amendment potentially provides additional grounds for recovery or directly affects the prospects of recovery, it satisfies the Rule 16(b) importance requirement.[14] Although some courts have found that an amendment is not important when the amended complaint fails to state a claim,[15] whether the proposed amended complaint successfully states a claim is more appropriately addressed under the futility factor of Rule 15 rather than the importance factor of Rule 16.

### 3. Prejudice

When analyzing the prejudicial nature of a proposed amendment, the court must consider "whether the proposed amendment (1) [is] merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."[16] Late stage amendments that essentially "plead[] a fundamentally different case with new causes of action and different parties . . .[,] effectively reconstructing the case anew[,]" are unduly prejudicial and should not be permitted.[17] In contrast, "amendments that merely propose alternative legal theories

---

[13] ECF No. 28-1 at 5-6.
[14] *E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted), *aff'd*, 679 F.3d 323 (5th Cir. 2012).
[15] *Smith v. Comal Indep. Sch. Dist.*, No. 22-1051, 2024 WL 4014947, at *4 (W.D. Tex. Aug. 6, 2024) (holding that an amended pleading cannot be characterized as important when it is futile for failure to state a claim), *R.&R. adopted*, No. 22-1051, 2024 WL 4014219 (W.D. Tex. Aug. 30, 2024).
[16] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).
[17] *Id.* (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).

for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[18]

Although the proposed amendment adds another theory to support the request to vacate the arbitration award, it does not fundamentally change the nature of the case. The trial of this case is not scheduled until June 23, 2025, with a discovery deadline of May 6, 2025, and a motion deadline for submission of April 30, 2025. ECF No. 16. Although ARS filed a motion to dismiss, there has been no ruling, and that motion is still pending. The proposed amendment is not a late-stage amendment that would require the Court to re-open discovery or re-visit any substantive rulings.

4. **Availability of Continuance**

This factor is not relevant given that, even with amendment, there is sufficient time to address the matters within the existing Scheduling Order.

Although Plaintiff utterly fails to establish the required diligence in seeking amendment, the Court finds that the importance of the amendment and lack of prejudice outweighs the other considerations under Rule 16(b). Accordingly, the court finds good cause and will now address the relevant Rule 15 factors.

B. **Rule 15 Standard**

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[19] Although leave to amend is not automatic,[20] given Rule 15(a)(2)'s bias in favor of

---

[18] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).
[19] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[20] *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[21]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[22] Denial of leave to amend is reviewed for abuse of discretion,[23] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[24]

### 1. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[25] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[26] At some point, plaintiff's delay can be procedurally fatal.[27] In that situation, plaintiff must show that the delay "was due to oversight, inadvertence, or excusable neglect."[28]

Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[29] "Merely

---

[21] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[22] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[23] *Carroll*, 470 F.3d at 1174 (citation omitted).
[24] *Mayeaux*, 376 F.3d at 425 (quoting *Martin's Herend Imps.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[25] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment").
[26] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[27] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[28] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[29] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision).

because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[30] Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[31]

As set forth above, although Plaintiff was not diligent and delayed seeking this amendment, trial is not scheduled until June 23, 2025, and discovery does not end until May 6, 2025. Although ARS has filed a motion to dismiss, there has been no ruling, and that motion is still pending. And even Rule 15 itself recognizes that a party may amend after the filing of a motion to dismiss. Further, the proposed amendment is not a late-stage amendment that would require the Court to re-open discovery or re-visit any substantive rulings. Thus, the Court cannot find that the delay has been "undue."

### 2. Bad Faith

The Fifth Circuit has defined bad faith generally as "implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive."[32] There is no suggestion of bad faith.

### 3. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[33] Although Plaintiff has once amended his Complaint, he

---

[30] *Carson*, 689 F.2d at 584.
[31] *Mayeaux*, 376 F.3d at 427 (emphasis and citations omitted).
[32] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (quoting *Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 1992)).
[33] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial

did so before ARS filed its motion to dismiss. There have not been repeated instructions to amend after which Plaintiff has failed to do so.

### 4. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[34] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[35] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[36] are considered prejudicial.[37]

ARS argues that it will experience additional costs and delay due to the amendment. While additional fees and costs incurred to respond may cause some prejudice, it does not constitute

---

of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[34] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[35] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[36] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[37] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

11

"undue prejudice" necessary to justify denial of a motion to amend.[38]

### 5. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[39] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[40] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[41] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[42]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[43]

---

[38] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.*, No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.*, No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).
[39] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling*, 234 F.3d at 873).
[40] *Twombly*, 550 U.S. at 555, 570.
[41] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).
[42] *Iqbal,* 556 U.S. at 678 (citation omitted).
[43] *Id.* 556 U.S. at 679 (internal citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[44]

The Federal Arbitration Act allows the court to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(3). "Because the primary purpose for the federal policy favoring arbitration is to promote the expeditious resolution of disputes, a court's review of an arbitrator's decision to not postpone a hearing is limited.  If there is any reasonable basis for the arbitrator's decision . . . , the court should not intervene."[45]

"To constitute misconduct requiring vacation of an award," the error must be one that is "not simply an error of law, but [one] which so affects the rights of a party that it may be said that he was deprived of a fair hearing."[46]  Thus, to succeed in vacating an arbitration award based on

---

[44] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).  Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).
[45] *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 736 (N.D. Tex. 1997) (citations omitted); *accord. Sungard Energy Sys. Inc. v. Gas Transmission Nw. Corp.*, 551 F. Supp. 2d 608, 613 (S.D. Tex. 2008) (citations omitted)*; see also Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir.1990) (recognizing that arbitration is intended to serve as a speedy and informal alternative to litigation).
[46] *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting *El Dorado Sch. Dist. No. 15 v. Cont.'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)); *see also Apex Fountain Sales, Inc. v. Kleinfeld*, 818 F.2d 1089, 1094 (3d Cir. 1987) ("Under Federal law, misconduct apart from corruption, fraud, or partiality in the arbitrators justifies reversal only if it so prejudices the rights of a party that it denies the party a fundamentally fair hearing.").

the refusal to postpone a hearing in violation of § 10(a)(3), the plaintiff must establish that (1) there was no reasonable basis for the panel's refusal to postpone the hearing and (2) the movant suffered prejudice because of that refusal.[47] In *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398 (5th Cir. 2006), the Fifth Circuit rejected a § 10(a)(3) claim of misconduct based on the failure to grant a continuance sought by Plaintiff because of the need to review new evidence obtained in discovery shortly before the scheduled hearing, finding that plaintiff failed to establish prejudice:[48]

> For the following reasons, we reject Laws's claim under section 10(a)(3). To begin with, Laws has not argued, much less shown, that he suffered prejudice from the panel's refusal to delay the proceedings. . . . His brief does not indicate that the documents at issue were material to his case. He has not explained how he would have presented his case differently at the arbitration hearing had he been given more time to review the documents. Absent even a representation that the materials produced on the eve of arbitration were important to his case or that a continuance might have altered the outcome of the arbitration, we cannot conclude that Laws was deprived of a fair hearing.
>
> Even if Laws would have benefitted from a continuance, he still could not show misconduct. Laws was not denied a fair hearing because the record supports several bases on which the panel reasonably could have denied him a continuance. *See El Dorado Sch. Dist.*, 247 F.3d at 848 ("Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists."); *Scott v. Prudential Sec.*, 141 F.3d 1007, 1016 (11th Cir. 1998) ("In reviewing an arbitrator's refusal to delay a hearing, we must decide whether there was any reasonable basis for failing to postpone the hearing ....") (internal quotation marks omitted). First, the panel reasonably could have concluded that Laws failed to present good cause for delay. *See In re Arbitration Between Trans Chem. & China Nat'l Mach. Imp. & Exp.*, 978 F. Supp. 266, 307 (S.D. Tex. 1997), *adopted by Trans Chem. v. China Nat'l Mach. Imp. & Exp.*, 161 F.3d 314, 319 (5th Cir. 1998). Laws's conclusory motion for continuance represented that he was currently receiving discovery and argued that he would need thirty days to "investigate" the production and assess its "accuracy and application to this suit." Laws failed to present the panel with any showing that the documents he had recently received were complex, voluminous, or important.
>
> Second, the panel also might have reasonably denied the continuance in light of the fact that the arbitration had been pending for more than three years. It

---

[47] *Morgan Stanley Smith Barney LLC v. Novak*, No. 23-1932, 2024 WL 1726012, at *4 (S.D. Tex. Mar. 18, 2024) (citation omitted); *see also Sungard*, 551 F. Supp. 2d at 613; *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 553 (N.D. Tex. 2006).
[48] 452 F.3d at 400.

could have concluded "that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes." *Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991).

Third, the panel reasonably could have decided that further delay would be inequitable. Laws waited more than three years (until only two months before the scheduled hearing) to institute any discovery.[49]

Applying *Laws*, courts within the Fifth Circuit have held that, to establish that an arbitrator's denial of a continuance deprived one of a fair hearing, plaintiff must, at the very least, represent "that a continuance might have altered the outcome of the arbitration."[50] Conclusory allegations of prejudice are insufficient.[51] Further, when there is a reasonable basis for the arbitrators to refuse to postpone the hearing, the decision must be upheld.[52]

The relevant paragraphs of Plaintiff's proposed Third Amended Complaint read:

14. Plaintiff contends the arbitrator violated the following provisions of Section 10 of the Federal Arbitration Act, specifically number (3) wherein the arbitrator refused to postpone the hearing, upon sufficient cause shown, and/or refused to hear evidence pertinent and material to the controversy in violation of Section 10 of the FAA:

[W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

15. Prior to the final hearing in arbitration, Respondent in arbitration and Plaintiff, Dr. Ammar Mekari, moved the arbitrator for a continuance of the arbitration hearing due to additional evidence which had been revealed during the deposition of an ARS employee, Nathan Normoyle. The arbitrator denied Dr. Mekari's request for a continuance wherein Dr. Mekari was requesting additional time to conduct discovery.

---

[49] *Id.*
[50] *Avalos v. Chavez*, No. 17-241, 2022 WL 18775908, at *3 (W.D. Tex. May 20, 2022) (citing *Laws*, 452 F.3d at 400) (rejecting § 10(a)(3) claim where proceeding had already been continued twice).
[51] *Novak*, 2024 WL 1726012 at *4; *see also La. Dep't of Nat. Res. v. FEMA*, 710 Fed. App'x 211, 213 (5th Cir. 2018) (affirming denial of vacatur absent explanation of how movant suffered prejudice and simply concluded that it had).
[52] *See Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991) (stating that a § 10(a)(3) claim comes down to whether there was any reasonable basis for the arbitrator's denial of the requested continuance).

> 16. Dr. Mekari learned during the deposition of Nathan Normoyle, employee for ARS, regarding the pivotal roles of Nathan Normoyle's wife, Yalda Normoyle, and another employee, Michael Needham, in the project for Dr. Mekari.
>
> 17. Dr. Mekari, through undersigned, was originally set to go to trial on February 7, 2024. However, the arbitration hearing was continued to March 7, 2024, but Dr. Mekari was not allowed to conduct additional discovery such as the depositions of Yalda Normoyle, Michael Needham, and/or ARS as a corporate deponent.
>
> 18. Furthermore, by Order No. 2 of the arbitrator, ARS was to produce the employment file of Michael Needham post the deposition of Nathan Normoyle; however, in violation of the arbitrator's Order No. 2, ARS produced the file of Michael Needham merely one week prior to the final hearing which prejudiced Dr. Mekari and did not allow sufficient time for Dr. Mekari to prepare for the final hearing.
>
> 19. Finally, in Dr. Mekari's Motion to Continue the final hearing, Dr. Mekari requested the additional time to conduct the depositions of Yalda Normoyle, Michael Needham, and ARS as a corporate deponent; however, again, Dr. Mekari's Motion to Continue was denied which prejudiced Dr. Mekari's defense of the arbitration action.
>
> 20. The arbitrator is guilty of misconduct in refusing to postpone the hearing after sufficient cause was shown for the time necessary to prepare defenses after additional discovery was learned of the involvement with Dr. Mekari's contract by Yalda Normoyle, Nathan Normoyle's wife, and of Michael Needham through Nathan Normoyle's deposition.

ECF No. 28-4 ¶¶ 14-20. Conspicuously absent from Plaintiff's factual allegations is any assertions that there was no reasonable basis for the arbitrator's refusal to postpone the hearing or that he suffered prejudice because of that refusal. While repeatedly asserting that he needed to conduct additional discovery, Plaintiff still has failed to identify what he expected to learn through the additional discovery regarding the involvement of Mrs. Normoyle or Mr. Needham,[53] or why he

---

[53] *Cf.* FED. R. CIV. P. 56(f). In the context of Rule 56, vague assertions that additional discovery will produce needed, but unspecified, facts are insufficient. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations and quotations omitted). The party seeking a continuance must identify specific facts that would alter the court's analysis or in any way demonstrate how the additional discovery would likely create a genuine dispute of material fact and set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022) (citation omitted); *Santee v. Oceaneering Int'l Inc.*, 95 F.4th 917, 934 (5th Cir. 2024) (citation omitted); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (citation omitted).

had not deposed Mr. Normoyle sooner to ensure adequate time for follow-up discovery in the previously allotted discovery period.

## IV.   CONCLUSION

Although the Court finds that Rule 16(b) is satisfied, Plaintiff's proposed Amended Complaint fails to set forth the necessary factual allegations to state a claim for vacatur under § 10(a)(3). Thus, as drafted, the proposed Amended Complaint is futile. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 28) is DENIED.

New Orleans, Louisiana, this __23rd__ day of January, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE