UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KINGMAN HOLDINGS, LLC                          CIVIL ACTION

VERSUS                                         NO. 23-4525
                                               c/w: 24-875
                                               REF: 24-875

BLACKBOARD INSURANCE COMPANY                   SECTION "B"(2)


ORDER AND REASONS

Before the Court are plaintiff Dr. Ammar Mekari's ("Mekari") motion to review the
Magistrate Judge's order denying plaintiff's motion for leave to file third supplemental and
amending complaint (Rec. Doc. 35), defendant Access Restoration Services U.S., Inc.'s ("ARS")
opposition (Rec. Doc. 37), plaintiff's reply (Rec. Doc. 38), defendant ARS' motion to dismiss
(Rec. Doc. 18), plaintiff Mekari's opposition (Rec. Doc. 19), and defendant ARS' reply (Rec. Doc.
20). For the following reasons,

IT IS ORDERED that the Court AFFIRMS the conclusion of Magistrate Judge
Currault's Order and Reasons (Rec. Doc. 33) and plaintiff Mekari's motion to review the
Magistrate's order (Rec. Doc. 35) is DENIED.

IT IS FURTHER ORDERED that defendant Access Restoration Services U.S., Inc.'s
motion to dismiss (Rec. Doc. 18) is GRANTED, dismissing plaintiff Dr. Ammar Mekari's
amended complaint (Case No. 24-875, Rec. Doc. 9) against defendant ARS with prejudice.

IT IS FURTHER ORDERED that the final arbitration award (Rec. Doc. 21-6) in favor
of defendant ASR and against plaintiff Mekari is CONFIRMED. Accordingly, defendant ARS'
motion for order confirming arbitration award (Rec. Doc. 39) is DISMISSED AS MOOT.

**Defendant ASR shall provide the Court with a proposed judgment <u>no later than April 10,</u>**

**<u>2025, after conferring with opposing counsel</u>.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff Mekari filed this action against defendant ARS to partially vacate arbitration award on April 5, 2024. Case No. 24-875, Rec. Doc. 1. Plaintiff is the sole owner of Kingman Holdings, LLC, which owns commercial property (the "property") in Metairie, Louisiana. *See id.* at 2 ¶ 5. At the direction of plaintiff's prior counsel, McClenny Moseley and Associates ("MMA"), plaintiff entered into a contract with ARS for remediation services on the property, after it was damaged by Hurricane Ida. *See id.* at 2 ¶¶ 6-8. At the time of contract, ARS was not a licensed contractor in the State of Louisiana. *Id.* at 2 ¶ 9.

Plaintiff Mekari previously filed suit against ARS seeking recission of parties' remediation contract. *See Mekari v. Access Restoration Serv. US, Inc.*, No. 23-5362, 2023 WL 9503370 (E.D. La. Dec. 14, 2023). Ultimately, the court dismissed all plaintiff's claims with prejudice, finding them to be arbitrable. *See id.* Current counsel for plaintiff and respondent-in-arbitration Mekari began representation in August 2023, approximately seven months before the arbitration hearing held on March 7-8, 2024. *See* Rec. Doc. 28-5 at 1; Case No. 24-875, Rec. Doc. 9 at 2 ¶ 10. The arbitration hearing was initially set for November 9, 2023, however the arbitrator continued the hearing to February 5, 2024 due to the timing of counsel's enrollment in the matter. *See* Rec. Doc. 28-5 at 1. It appears that parties were given until December 28, 2023 to complete discovery. *See* Rec. Doc. 37 at 6. During a status conference held on January 4, 2024, the hearing was reset to February 7, 2024 for the convenience of the parties. *See* Rec. Doc. 28-5 at 2; Rec. Doc. 28-8. The arbitrator also ordered for defendant and claimant-in-arbitration ARS to produce any employment file for an ARS employee, Michael Needham, whom in Dr. Mekari's view, held information that

would have evinced ARS' alleged misconduct. *See* Rec. Doc. 28-8. Dr. Mekari also sought to obtain testimony from another ARS employee, Yalda Normoyle, whom Dr. Mekari believed had pertinent information regarding the project for plaintiff Mekari. *See* Rec. Doc. 38 at 1. Notably, the arbitrator specified, "[a]ll deadlines . . . will be strictly enforced absent mutual agreement to extend any deadline or a showing of good cause." Rec. Doc. 28-8 at 2. Thereafter, on January 15, 2024, Mekari took the deposition of ARS employee, Nathan Normoyle. *See* Rec. Doc. 28-6; *see also* Rec. Doc. 38. In plaintiff's view, the deposition revealed additional facts, forming the basis for plaintiff's request to continue the arbitration hearing. *See* Rec. Doc. 38. The final arbitration hearing was eventually held on March 7-8, 2024, without testimony from Yalda Normoyle and Michael Needham. *See* Rec. Doc. 38 at 2. On April 5, 2024, the arbitrator rendered an arbitration award against Dr. Mekari in the amount of $267,300.13, which included: Principal: $120,573.67; Interest: $50,363.46; Attorneys' Fees $76,425.50; and, AAA Fees and Expenses: $19,937.50. *See id.* at 3 ¶ 12.

Turning to the instant proceedings, plaintiff Mekari filed this suit seeking to partially vacate the April 5, 2024 arbitration award due to the arbitrator's "manifest disregard of the law" in awarding attorney's fees and interest in favor of ARS because, in plaintiff's opinion, the arbitrator did not find a breach of contract or the existence of a contract to justify the award. *See id.* at 3 ¶ 13; 16. Plaintiff further contends that the arbitrator awarded attorney's fees to the "prevailing party" without a finding of breach of contract or the existence of a valid contract which constitutes a "manifest disregard of the law." *See id.* at 3 ¶ 14. Essentially, plaintiff contests the arbitration award because under Louisiana law, ARS, an unlicensed contractor, would have been unable to contract with plaintiff, a Louisiana domiciliary, for services. *See id.* at 3 ¶ 15. Plaintiff was granted his first motion for leave to amend complaint on August 21, 2024. *See* Case No. 24-874, at Rec.

Doc. 9. Notably, plaintiff Mekari's initial complaint (Case No. 24-875, Rec. Doc. 1) and amended complaint (Case No. 24-875, Rec. Doc. 9) fail to allege the arbitrator's denial of plaintiff's request to continue the arbitration hearing as a basis to vacate the arbitration award.

Thereafter, on September 3, 2024, defendant ASR moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Case No. 24-875, at Rec. Doc. 12. ARS also filed a counterclaim, seeking confirmation of the arbitration award rendered in its favor. *See* Case No. 24-875, at Rec. Doc. 13. While defendant's motion to dismiss was still pending, plaintiff sought leave to file a second amended complaint. *See* Case No. 24-875, at Rec. Doc. 18. Plaintiff's proposed second amended complaint contended "the arbitrator had a manifest disregard in this action for the law and/or the arbitrator exceeded his powers or imperfectly executed his powers" in that he awarded attorney's fees, interests, and costs to ARS, which in plaintiff's opinion, was not the prevailing party in the arbitration proceedings. *See* Case No. 23-4525, at Rec. Doc. 21-4.

On October 15, 2024, plaintiff Mekari's case against ARS was transferred and consolidated with Kingman Holdings' Hurricane Ida claim against its insurer, Blackboard Insurance Company, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 10.2. *See* Case No. 24-875, at Rec. Doc. 22. On that day, plaintiff Mekari's suit became subject to the scheduling order of the master case, *Kingman Holdings*, Case No. 23-4525, requiring any amendments to pleadings to be completed by October 24, 2024. *See* Case No. 23-4525, at Rec. Doc. 16 at 2.

Post-consolidation, plaintiff Mekari's motion for leave to amend was denied by the magistrate judge on futility grounds, finding plaintiff's proposed amendment's "formulaic recitation" of the statutory bases for vacatur under 9 U.S.C. § 10(a)(4) without factual support, fell short of stating a plausible claim. *See* Case No. 23-4525, at Rec. Doc. 24; 9 U.S.C. § 10(a)(4).

On November 26, 2024, plaintiff filed a third motion for leave to amend complaint. *See* Rec. Doc. 28. Plaintiff's fourth proposed amendment alleges for the first time, under 9 U.S.C. § 10(a)(3), the arbitrator was guilty of misconduct in refusing to postpone the arbitration hearing in light of "newly discovered evidence" revealed during the deposition of Nathan Normoyle, a former ARS employee and for ARS' purported failure to timely produce Michael Needham's employment file. *See* Rec. Doc. 28-1 at 2-3; 9 U.S.C. § 10(a)(3). Although the magistrate judge found that plaintiff Mekari satisfied "good cause" under Rule 16(b) to amend complaint, plaintiff's motion was ultimately denied on futility grounds under Rule 15. *See* Rec. Doc. 33 at 5-8; 12-17. Plaintiff timely filed a motion to review the magistrate's order. Rec. Doc. 35. Defendant ARS filed its opposition (Rec. Doc. 37) and plaintiff replied (Rec. Doc. 38). We first review the magistrate judge's order and then address defendant ARS' pending motion to dismiss (Rec. Doc. 18).

## LAW AND ANALYSIS

"Magistrate judges are empowered to 'hear and determine' certain nondispositive pretrial motions, including a motion for leave to amend the complaint." *Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2024 WL 4345073, at *3 (E.D. La. Sep. 30, 2024) (first citing 28 U.S.C. § 636(b)(1)(A); then citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996)). "If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court." *Id.* (citing Fed. R. Civ. P. 72(a)). "When timely objections are raised, the district court will 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.' " *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "The court reviews the magistrate judge's 'factual findings under a clearly erroneous standard, while legal conclusions are reviewed de novo.' " *Id.* (citing *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted)). "A factual 'finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Id.* (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### A.  Plaintiff Mekari's Third Proposed Amending and Supplementing Complaint is Futile

Here, the magistrate judge's conclusion that plaintiff's proposed amendment is futile is not clearly erroneous or contrary to law. *See* Rec. Doc. 33 at 12-17. "Courts are to 'freely give leave [to amend] when justice so requires.' " *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Courts consider multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Plaintiff Mekari challenges the magistrate judge's finding that plaintiff's allegations failed to state a claim of arbitrator misconduct because he failed to allege that there was no reasonable basis for the arbitrator's refusal to postpone the hearing or that he suffered prejudice because of that refusal. Rec. Doc. 35-1 at 2; *see also* Rec. Doc. 33 at 16. The Federal Arbitration Act permits a district court to vacate an arbitration award where the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown . . . or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any

party have been prejudiced[.]" 9 U.S.C. § 10(a)(3). Nevertheless, an arbitrator is not required to hear all of the evidence tendered by the parties, he must however, give each party an adequate opportunity to present its evidence and arguments. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 300 (5th Cir. 2004) (citation omitted). "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award." *Id.* at 301.

"To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said he was deprived of a fair hearing." *Walker v. Ameriprise Financial Services, Incorporated*, 787 Fed. Appx. 211, 214 (5th Cir. 2019) (quoting *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006)). The party seeking vacatur under 10(a)(3) has the burden of establishing that there was no reasonable basis for the arbitrator's refusal to postpone the hearing. *See Cooper v. Westend Capital Management, L.L.C.*, 832 F.3d 534, 544-45 (5th Cir. 2016) (citation omitted).

Plaintiff Mekari contends that during the deposition of Nathan Normoyle, plaintiff uncovered that the scope of Yalda Normoyle and Michael Needham's involvement in plaintiff Mekari's project had been misrepresented, and plaintiff was unable to conduct further discovery into those facts, which prejudiced plaintiff at the final arbitration hearing. *See* Rec. Doc. 35-1 at 5-6. Specifically, plaintiff alleges that "the additional discovery **may** have further developed certain defenses such as fraud, overbilling, breach of contract, and would have further developed that Plaintiff was not unjustly enriched." Rec. Doc. 38 at 2. (Emphasis added). However, plaintiff Mekari's contention is speculative and merely conclusory at best.  Upon review of the arbitration record, nothing indicates that the arbitrator was guilty of misconduct in denying Dr. Mekari's continuance. It appears the arbitrator considered respondent-plaintiff Dr. Mekari's

arguments, on at least two occasions, and determined that Dr. Mekari failed to establish good cause to continue the final arbitration hearing. The arbitrator could have easily determined that parties had sufficient time to complete discovery, and permitting respondent-plaintiff additional time would not have resulted in discovery of evidence that would have changed the outcome of the arbitration proceedings. Because plaintiff Mekari fails to nudge his allegations from conceivable to plausible, we find no reason to disturb the magistrate judge's conclusion that plaintiff's proposed amendment would fail to survive a 12(b)(6) motion to dismiss with the discovery of new evidence. Having addressed plaintiff's motion to review the magistrate's order (Rec. Doc. 35), we turn to defendant ARS' motion to dismiss (Rec. Doc. 18) in relation to plaintiff Mekari's amended complaint (Case No. 24-875, Rec. Doc. 9).

### B. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff,

but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

### C. Vacatur of Arbitration Award

"The Fifth Circuit has held that when parties agree to submit to the rules of the American Arbitration Association, the 'arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise.' " *Warren v. Geller*, 386 F. Supp. 3d 744,

754 (E.D. La. May 3, 2019) (citing *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995)). "The district court's review of an arbitration award is 'extraordinarily narrow' and 'exceedingly deferential.' " *Id.* (first citing *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003), *abrogated on other grounds by Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); then citing *Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007), *overruled on other grounds by Hamstein Cumberland Music Group v. Williams*, 532 Fed. Appx. 538 (5th Cir. 2013)). "A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 292 (5th Cir. 2008). In doing so, "[t]he federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990).

"In fact, a federal court may modify or vacate an arbitration award only if one of the grounds enumerated in FAA [§] 10 or 11 is satisfied." *Hamstein Cumberland*, 532 Fed. Appx. at 542 (first citing 9 U.S.C. §§ 9, 10; then citing *Hall St.*, 552 U.S. at 582-84). Under §10 of the FAA, courts may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Further, the court "must sustain an arbitration award even if we disagree with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision draws its essence from the contract." *RSM Production Corporation v. Gaz du Cameroun, S.A.*, 117 F.4th 707, 712 (5th Cir. 2024) (quoting *Kemper Corp. Servs., Inc. v. Comput. Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (citation omitted). Moreover, "doubts or uncertainties must be resolved in favor of upholding an arbitration award." *Dream Med. Grp., L.L.C. v. Old South Trading Company, L.L.C.*, 2023 WL 2366782, at *3 (5th Cir. 2023). Therefore, "the sole question . . . is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Kemper Corp. Servs. Inc.*, 946 F.3d at 822. Unless an arbitration award is vacated, modified or corrected as prescribed in §§ 10 and 11, the court must confirm the award. *See Hall St. Assocs., L.L.C.*, 552 U.S. at 582.

Here, defendant ARS correctly notes that "manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA." Rec. Doc. 18-1 at 3 (first quoting *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2008); then citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); and then citing *Jones v. Michaels Stores, Inc.*, 991 F.3d 614-615 (5th Cir. 2021). It is well-established that the Fifth Circuit has abandoned and rejected "manifest disregard of the law" as an independent, non-statutory ground for setting aside an arbitration award. *See Jones v. Michaels Stores, Incorporated*, 991 F.3d 614, 615 (5th Cir. 2021) (citing *Citigroup Glob. Mkts., Inc.*, 562 F.3d 349, 358 (5th Cir. 2009)). Here, plaintiff Mekari concedes that his reliance upon the arbitrator's "manifest disregard for the law" during the arbitration proceedings is misplaced. Rec. Doc. 19 at 3.

In the alternative, plaintiff contends that "the arbitrator exceeded his authority and/or improperly executed his authority" in that he awarded attorney's fees and interest to a non-

prevailing party, defendant ARS. Rec. Doc. 19 at 2; *see* 9 U.S.C. § 10(a)(4). Plaintiff further contends the arbitrator's award was in violation of law because there was no finding of breach of contract, because according to plaintiff, no contract existed between the parties. Rec. Doc. 19 at 2. The Construction Industry Arbitration Rules in effect at the time of the rendering of the final arbitration award provide, "an arbitration clause shall be treated as an agreement independent of the other terms of the contract." *See* Am. Arb. Ass'n, Constr. Indus. Arb. Rules, R-9(b) (Jurisdiction) (2024), https://adr.org/sites/default/files/ConstructionRules_web.pdf. "A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause." *Id.*

"To justify vacatur under § 10(a)(4), parties 'bear the heavy burden' of demonstrating more than an error, 'or even a serious error,' on the part of an arbitrator." *Dream Medical Group, L.L.C. v. Old South Trading Company, L.L.C.*, 2023 WL 2366982 (5th Cir. 2023) (some internal marks omitted) (quoting *Oxford Health*, 569 U.S. 564 at 569). Vacatur on this ground is only available where the arbitrator has acted outside the scope of his contractually delegated authority by issuing an award that "simply reflects his own notions of economic justice rather than drawing its essence from the contract." *See id.*

Here, the arbitrator indicated that defendant ARS was the "prevailing party" and awarded attorney's fees. *See* Rec. Doc. 21-6 (Final Arbitration Award). However, the arbitrator's determination as to the "prevailing party" in arbitration was not necessary to justify an award of attorney's fees. Specifically, plaintiff Mekari and ARS' contract contains a provision which states:

"CUSTOMER agrees to pay all arbitration costs, attorney fees, collection fees, court costs and/or any and all expenses involved in the collection of these charges, including, but not limited to, travel expenses and additional administrative expenses."

*See* Case No. 23-5362, Rec. Doc. 1-3 at 8. The Fifth Circuit has held that when two commercial parties have reached an "explicit bargain" (i.e., an arbitration provision) for resolution dispute, Federal Rule of Civil Procedure 54(d) governs an award of costs. *See Schlobohm v. Pepperidge Farm*, 806 F.2d 578, 584-85, n. 11 (5th Cir. 1986). Moreover, the parties agreed that Texas law would govern claims arising out of the parties' remediation contract. Specifically, the pertinent portion of the contract's dispute resolution clause provides:

> "DISPUTE RESOLUTION. This agreement and all related documents are governed by the laws of the State of Texas. The undersigned parties agree to and consent that any controversy or claim arising out of, or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association, under the Construction industry Arbitration Rules. Judgment on the award rendered by the arbitrator may be enforced in any court having jurisdiction thereof."

Case No. 23-5362, Rec. Doc. 18-4 at 2. While plaintiff disagrees with the arbitrator's award of attorney's fees, costs, and interest in favor of ARS, it appears the arbitrator's decision was drawn from the "essence" of the contract itself. Moreover, in the Fifth Circuit, the Federal Arbitration Act preempts La. Rev. Stat. § 9:2779, which would have invalidated parties' choice-of-law provision. *See OPE Intern. LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 446 (5th Cir. 2001); *see also* La. Rev. Stat. § 9:2779(A) (providing, " . . . with respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state."). Although, plaintiff disagrees with the application of Texas law to the parties' dispute, it is clear the arbitrator was empowered to do so pursuant to the contractual provisions the parties bargained for.

13

Plaintiff Mekari's contention that ARS was not the prevailing party in the arbitration is also unavailing. 'Prevailing party' is a legal term of art and defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). In *Buckhannon*, the United States Supreme Court "held that to achieve prevailing party status, a party must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon*, 532 U.S. at 604). Moreover, under Texas law, "[p]arties to a contract may provide by agreement that the prevailing party is entitled to recover attorneys' fees." *Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 749 (Tex. App .—Fort Worth 2005) (citing *G. Richard Goins Constr. Co. v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124, 130 (Tex. App.—Tyler 1996, pet. denied). Further, "[a] prevailing party has been defined as the party 'who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention.' " *Id.* (first citing *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 564 (Tex. App. —Texarkana 2003, pet. denied); then citing *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.—Amarillo 1997, pet. denied).

"Determination of whether a party is the prevailing or successful party must be based upon success on the merits, and not on whether or not damages were awarded." *Id.* (first citing *Glick*, 991 S.W.2d at 17; then citing *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.). Here, defendant ARS may not have recovered all of the monies demanded in arbitration. Nevertheless, it prevailed in some regard on its claim for non-payment. Plaintiff's amended complaint fails to provide any facts to state a plausible claim for relief under any grounds for vacatur under 9 U.S.C. § 10(a). Due to this Court's high deference afforded to arbitration

proceedings, and careful as to not reach the merits of arguments raised by parties during arbitration, we find the arbitrator's award of attorney's fees, interest, and costs in favor of ARS reasonable and confirm the award in light of the aforementioned contractual provisions and the applicable law.

New Orleans, Louisiana this 27th day of March, 2025

SENIOR UNITED STATES DISTRICT JUDGE